WILLIAM LEWIS, RESPONDENT, *v.* ALFRED W. SHULL, APPELLANT.

67h 543
50ad156

*Criminal charge in a civil action — degree of proof required.*

Preponderance of evidence only and not proof beyond a reasonable doubt, is required to maintain the defense of the truth of a criminal charge set up in a civil action for slander.

APPEAL by the defendant, Alfred W. Shull, from a judgment of the Montgomery County Court, entered in the office of the clerk

of Montgomery county on the 23d day of February, 1892, on a verdict for seventy-five dollars damages, rendered in favor of the plaintiff at a trial in the Montgomery County Court; and from an order denying a motion for a new trial made, February 17, 1892, upon the minutes of the judge.

*G. E. Phillips*, for the appellant.

*Weller & Moore*, for the respondent.

MAYHAM, P. J.:

This action was brought for the alleged speaking of slanderous words by the defendant of and concerning the plaintiff, in charging the plaintiff with stealing twelve bushels of defendant's oats. The answer admits the speaking of the words and alleges their truth in justification.

There was no direct evidence on the trial of the felonious taking of the defendant's oats by the plaintiff; but the defendant proved circumstances and facts upon the trial from which he claims that the jury should have found the charge made by him was true. We think, under the evidence in this case, it was a proper question for the jury to determine whether or not the justification was established, and, unless their verdict might have been improperly influenced by some misdirection of the judge, their finding upon that question cannot be disturbed on this appeal.

The defendant insists that there was such a misdirection by the learned county judge and that, by the charge, the burden was cast upon the defendant of satisfying the jury, beyond reasonable doubt, that the plaintiff was guilty of the larceny charged as in criminal cases, instead of proving, as in civil cases, his affirmative defense by a preponderance of evidence.

On the trial the judge, in various forms of expression, charged the jury that the defendant to establish his justification; to which, I think, there were exceptions by the defendant sufficiently specific to present the question of the correctness of such charge.

The learned judge, among other things in his charge upon this point, says: "Now, then, in this case you must consider it just the same exactly as if you were trying this man upon a charge of steal-

ing, and he was, before you indicted by the grand jury, presented upon trial, with the district attorney upon the one side and his counsel upon the other.

" Is there evidence enough in the case here, if presented in such a case, for you to be satisfied that this man did steal those oats? The evidence must be just as broad as the charge. It must convince you that he is a thief and that he stole these oats."

This, I think, is equivalent to charging the jury that to establish the justification the defendant must satisfy the jury by proof of the guilt of the plaintiff, beyond reasonable doubt, and the learned judge, in another part of his charge, says: " If you come to the conclusion that that is not true, that the defendant has not sustained his theory, has not shown to you conclusively, beyond the shadow of a doubt, that this plaintiff is a thief, then you will find the amount of damages that the plaintiff is entitled to."

Does this rule obtain in civil actions of this character? We think not, within the recent authorities in this State. It is true, that by the English rule proof, beyond a reasonable doubt, is usually required to establish a charge of crime in a civil action. But that rule does not seem to have been followed by the recent cases in this State. In *New York Guarantee and Indemnity Company* v. *Gleason* (7 Abb. N. C., 334, 352), EARL, Judge, in pronouncing the opinion of the Court of Appeals, says: " In such an action, the plaintiff is not bound to establish any fact so clearly that it shall be free from doubt. All that is required of him is that he shall satisfy the jury by a preponderence of evidence; and he is never called upon to free their minds of all doubt."

While the learned judge, in these remarks, refers to the plaintiff, it needs no argument to show that the same rule is applicable to a defendant when he asserts an affirmative proposition in his defense, which he is called upon to prove.

In *Johnson* v. *The Agricultural Insurance Company* (25 Hun, 251) this question arose, when the answer set up that the fire, out of which the plaintiff claimed to recover for loss on his policy, was caused by arson committed by the plaintiff, and the court held that the defendant was not required to show the arson beyond all reasonable doubt, as required in the prosecution of an indictment for

arson, but that such defense might be established upon a preponderance of proof, as required to establish a fact in civil actions.

In *Seybolt* v. *The New York, Lake Erie and Western Railroad Company* (95 N. Y., 562) it was held that the party upon whom rests the burden of proof in a civil action, is not bound to establish a case free from reasonable doubt; he performs his obligations by presenting a preponderance of evidence.

In this case, RUGER, Ch. J., quoted, with approbation, the rule upon this subject, as stated in 3 Greenleaf's Evidence, section 29, as follows: "A distinction is to be noted between civil and criminal cases in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases, their duty is to weigh the evidence carefully, and to find for the party in whose favor the evidence preponderates, although not free from reasonable doubt. But in criminal cases, the party accused is entitled to the benefit of the legal presumption in favor of innocence, which, in doubtful cases, is always sufficient to turn the scale in his favor."

We see no reason why this rule does not apply to the case at bar; and tested by it, the learned judge held the jury to a standard of proof, not exacted in civil cases such as this, which we cannot say did not influence their verdict to the defendant's prejudice.

We think, for this reason, the judgment of the County Court should be reversed.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed and a new trial ordered, costs to abide the event.